UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERARD McAFEE,<br>    Plaintiff,<br><br>    v.<br><br>SYED J. NAQVI, M.D., ET AL<br>    Defendants. | No. 3:14-cv-410 (VAB) |

**Ruling on Second Motion for Leave to Amend**

Gerard McAfee ("Plaintiff") moves for leave to file a second amended complaint. *See* Pl. Mot. for Leave, ECF No. 45. The new complaint would identify the real name of "Nurse Rob," one of the defendants named in prior complaints, as "Robert Bonetti, LPN." *Id.* The motion will be **GRANTED**.

Defendants did not respond to the initial motion, which was filed June 6, 2017. At the pretrial conference in this matter, the Court again addressed the motion and provided Defendants a second opportunity to respond if they felt a response was necessary. *See* Order, ECF No. 92. Defendants again did not file a response, and the time for filing has now elapsed.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Parties may seek the consent of the opposing party or the Court's leave to amend. Fed. R. Civ. P. 15(a)(2). The Federal Rules require that the "court should freely give leave when justice so requires." *Id.* Leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal citations omitted). Other grounds include "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff represents that he learned the "real identiy of Nurse Rob" during discovery. Pl. Mot. at 1. Given this explanation, Plaintiff did not unduly delay amendment, or exhibit any bad faith or dilatory motive. Additionally, as noted above, Defendants have not responded to the motion despite two separate opportunities to do so. Defendants therefore have not shown that they would suffer undue prejudice by the amendment.

Given the above considerations, Plaintiff's motion for leave to file an amended complaint, ECF No. 45, is **GRANTED**.

SO ORDERED this 30th day of January, 2018, in Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE