UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERARD McAFEE,<br>    Plaintiff,<br><br>    v.<br><br>SYED J. NAQVI, M.D., ET AL<br>    Defendants. | No. 3:14-cv-410 (VAB) |

**ORDER**

The jury trial in this case is scheduled to begin on Monday, February 5, 2018 at 1 p.m. After the final pre-trial conference with the parties and the subsequent filings since then, the Court has determined that the implementation of strict time guidelines will promote this trial's efficient and expedient resolution.[1]

Indeed, district courts have "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of the case." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Consistent with that authority, and consistent with the representations made by the parties to the Court regarding the timing of their respective cases and the Court's understanding of the claims and the evidence to be presented, the Court adopts the following schedule:

- Following jury selection on the morning of Monday, February 5, 2018, the trial shall begin with the reading of pre-trial jury instructions, followed by opening statements from Plaintiff and from Defendants. Opening statements will be

---

[1] This Order is necessitated in part by the parties' failure to provide the Court with an exhibit list and pre-marked exhibits until prompted by an earlier Court order. *See* Order, ECF No. 103.

- limited to ten (10) minutes for each side.

- Plaintiff will begin his case on the afternoon of Monday, February 5, 2018 and must rest his case-in-chief by 4:00 p.m. on Tuesday, February 6, 2018. Defendants will begin trying their case on 9:00 a.m. on Wednesday, February 6, 2018 and must rest by 11:15 a.m. on Thursday, February 7, 2018.

- At 8:30 a.m. on Thursday, February 7, 2018, the Court will inquire and determine whether any rebuttal testimony is required. *See Koseatac v. Rubin*, 4 F. App'x 84, 86 (2d Cir. 2001) ("It is well settled that a district court has wide discretion in determining whether to permit evidence on rebuttal.") (internal citations and marks omitted); *United States v. Tejada*, 956 F.2d 1256, 1266 (2d Cir. 1992) ("The function of rebuttal evidence is to explain or rebut evidence offered by an opponent."). If no rebuttal testimony is required, a charge conference will be held regarding the Court's proposed jury instructions. Since the Court will have already provided the parties its currently proposed post-trial jury instructions, the parties will be free to provide proposed amendments to the jury instructions in advance of the charge conference.

- If rebuttal testimony is required, rebuttal testimony will begin at 11:15 a.m. on Thursday, February 7, 2018 and the Court will allow the Plaintiff no more than forty-five (45) minutes for any direct or re-direct examination and Defendants no more than forty-five (45) minutes for any cross and re-cross examination. The charge conference then will be conducted after this evidence has been presented, if not held earlier.

- After the charge conference and the final issuance of the post-trial jury

instructions and the verdict form, the Court will begin reading the post-trial jury instructions, the parties will present their closing arguments and, after closing arguments are finished, the Court will finish reading the post-trial jury instructions and send the jury to deliberate. Closing arguments will be limited to thirty (30) minutes for each party, though this time may be reduced, if rebuttal testimony is required.

In accordance with the Court's inherent authority to ensure that trials proceed efficiently, these stated time restrictions will be strictly observed, and if the Court determines that any party is unnecessarily delaying the trial, through the cumulative presentation of evidence or otherwise, the Court may further limit the trial time provided above, to the extent necessary. *See Dietz*, 136 S. Ct. at 1892; *see also Hardy v. Town of Greenwich*, 629 F. Supp. 2d 192, 202 (D. Conn. 2009) (limiting the amount of time for examination and cross-examination of witnesses). Finally, any reference to these time restrictions in the presence of the jury may subject that attorney to sanctions by the Court.

SO ORDERED at Bridgeport, Connecticut, this 1st day of February, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE